**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

WENDY PATRICIA MEDRANO SANDOVAL
a/k/a WENDY MEDRANO,

    Plaintiff,
v.

JOADIS GROCERY AND RESTAURANT CORP.,
a Florida for profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, WENDY PATRICIA MEDRANO SANDOVAL a/k/a WENDY MEDRANO ("Plaintiff") hereby files this Complaint for Damages and Demand for Jury Trial against Defendant, JOADIS GROCERY AND RESTAURANT CORP. (hereinafter "Defendant"), for overtime and minimum wage violations pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") Fla. Stat. 448.110, and Art. X, Sec. 24 of the Florida Constitution, and alleges as follows:

## INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime and minimum wage compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime and minimum wages that Defendant refused to pay Plaintiff during the course of her employment. Plaintiff also seeks minimum wages from Defendant pursuant to the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant was a Florida for-profit corporation transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant is headquartered at 13875 SW 41st Street, Davie, FL 33330-5702.

5. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

6. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

7. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant is headquartered and regularly transacts business in Broward County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

10. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Plaintiff fulfilled all conditions precedent required to bring her claims under the FMWA.

## GENERAL ALLEGATIONS

12. Defendant is a restaurant and grocery store that has been serving South Florida since 2002.

13. Defendant serves breakfast, lunch and dinner and sells various consumer goods.

14. Plaintiff worked for Defendant as a non-exempt, server/waitress from in or around September 2021 until May 9, 2022.

15. Plaintiff's primary duties as a server/waitress included, but were not limited to, serving customers food, taking customers' orders, completing financial transactions to accept payment on behalf of Defendant, washing dishes, cleaning bathrooms, running errands, cooking food and providing customers with high-quality dining experiences.

16. During the typical workweek, Plaintiff worked approximately fifty (50) hours.

17. Defendant typically paid Plaintiff $320.00 per week, regardless of the number of hours she actually work.

18. In one or more workweeks, Defendant paid Plaintiff less than the state and federal minimum wage for her work.

19. In addition, Defendant failed to pay Plaintiff overtime wages at one-and-one-half times her regular hourly rate for the work she performed in excess of forty (40) hours in one or more workweeks.

## DEFENDANT PILFERS PLAINTIFF'S TIPS

20. During her employment period, Plaintiff also earned cash and credit card tips in connection with her job as a server/waitress.

3

21. Defendant's customers have the ability to tip Defendant's employees via credit card and also with cash.

22. However, Plaintiff's supervisor also took a portion of the cash tips that she earned during her employment period.[1]

23. Moreover, Plaintiff's supervisor refused to give Plaintiff **any** of the credit card tips that she earned during her employment period.

24. Defendant never gave Plaintiff statutorily required notice of taking a tip credit during her employment period.

## FLSA COVERAGE

25. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials that Plaintiff and other employees used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

26. During her employment with Defendant, Plaintiff and various other employees handled and worked with goods and/or materials that moved through interstate commerce,

---

[1] On March 23, 2018 the United States Congress passed the Consolidated Appropriations Act of 2018 ("CAA") which amended Section 230(m) of the Fair Labor Standards Act ("FLSA") to add the following language: **An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.** The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

4

including, but not limited to the following: napkins, polish, silverware, appliances, fish, beef, chicken, steak, cilantro, curry, rice, shrimp, calamari, octopus, potatoes, beans, garlic, cod, coffee, sugar, sweetener, cream, croquetas, tomatoes, cheese, ham, tuna, salad, glassware, flatware, food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

27. Defendant also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

28. Defendant grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

29. Plaintiff was also individually covered by the FLSA during her employment period. More specifically, during her employment period, Plaintiff regularly and recurrently processed credit card transactions with credit card merchants outside of the state of Florida and received and remitted remuneration and information regarding financial transactions across state lines.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

30. Plaintiff re-avers and re-alleges Paragraphs 1 through 29 above, as though fully set forth herein.

31. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

32. Defendant violated the FLSA by failing to keep and maintain accurate records of the hours Plaintiff worked during her employment period.

33. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) in one or more weeks of her employment.

5

34. Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during her employment period.

35. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

36. Defendants' willful and/or intentional violations of the FLSA entitle Plaintiff to an additional amount of liquidated, or double, damages.

37. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, WENDY PATRICIA MEDRANO SANDOVAL a/k/a WENDY MEDRANO respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOADIS GROCERY AND RESTAURANT CORP., and award Plaintiff: (a) all unpaid overtime wages; (b) liquidated damages; (c) all reasonable attorney's fees and costs incurred as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### COUNT II – FLSA TIP VIOLATIONS – 29 U.S.C. § 203(m) & 29 U.S.C. § 216(b)
**Defendant's Unlawful Retention of Tips**

38. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

39. Plaintiff customarily received tips as part of her compensation during her employment period with Defendant.

40. Pursuant to 29 U.S.C. § 203(m)(2)(B), **"an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."**

6

41. During the relevant time period, Defendant enforced a restaurant-wide policy that required Plaintiff to surrender the majority of her tips to her supervisor.

42. This policy was enforced by Defendant and became unlawful on March 23, 2018. Defendant nevertheless continued to enforce this policy, and on information and belief, still enforces this unlawful policy to this day.

43. Plaintiff is entitled to recover the tips that she was required to surrender to Defendant from March 23, 2018, through the present, plus an equal amount of liquidated damages, and all reasonable attorney's fees and costs incurred in the prosecution of these claims.

WHEREFORE, Plaintiff, WENDY PATRICIA MEDRANO SANDOVAL a/k/a WENDY MEDRANO respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOADIS GROCERY AND RESTAURANT CORP., and award Plaintiff: (a) all unlawfully retained tips; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT III – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206

44. Plaintiff re-avers and re-alleges Paragraphs 1 through 29 above, as though fully set forth herein.

45. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

46. Defendant violated the FLSA by failing to keep and maintain accurate records of the hours Plaintiff worked during her employment period.

47. Defendant refused to pay Plaintiff the federal minimum wage in one or more weeks of her employment.

48. Plaintiff therefore claims the applicable federal minimum wage rate for all weekly hours worked below (40) during her employment period.

49. Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the FLSA, as Defendant knew or should have known of the FLSA's minimum wage requirements.

50. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff to an additional amount of liquidated, or double, damages.

51. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, WENDY PATRICIA MEDRANO SANDOVAL a/k/a WENDY MEDRANO respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOADIS GROCERY AND RESTAURANT CORP., and award Plaintiff: (a) all unpaid minimum wages; (b) liquidated damages; (c) all reasonable attorney's fees and costs incurred as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## COUNT IV – FLORIDA MINIMUM WAGE VIOLATIONS – FLA. STAT. § 448.110 AND FLA. CONST. ART. X § 24

52. Plaintiff re-avers and re-alleges Paragraphs 1 through 29 above, as though fully set forth herein.

53. Plaintiff has fulfilled all conditions precedent required to bring this action under the Florida Minimum Wage Act and Florida Constitution.

54. Defendant failed to maintain records of the hours Plaintiff worked during her employment period.

55. Defendant refused to pay Plaintiff the applicable Florida minimum wage in one or more weeks of her employment.

56. Plaintiff therefore claims the applicable Florida minimum wage rate for all weekly hours worked below (40) during her employment period.

57. Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the Florida Minimum Wage Act and Florida Constitution, as Defendant knew or should have known of the Florida minimum wage requirements.

58. Defendant's willful and/or intentional violations of the Florida Minimum Wage Act entitle Plaintiff to an additional amount of liquidated, or double, damages.

59. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, WENDY PATRICIA MEDRANO SANDOVAL a/k/a WENDY MEDRANO respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOADIS GROCERY AND RESTAURANT CORP., and award Plaintiff: (a) all unpaid minimum wages; (b) liquidated damages; (c) all reasonable attorney's fees and costs incurred as permitted under the FMWA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, WENDY PATRICIA MEDRANO SANDOVAL a/k/a WENDY MEDRANO, demands a trial by jury on all appropriate claims.

**Dated: June 17, 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com
David@usaemploymentlawyers.com
Catherine@usaemploymentlawyers.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 17, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**